IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JDR INDUSTRIES, INC., a Nebraska corporation, d/b/a Farmer's Choice,<br><br>       Plaintiff,<br><br>vs.<br><br>EDWIN K. McDOWELL, d/b/a LaGrange Supply Co., and LAGRANGE SUPPLY CO., L.L.C., a Nebraska limited liability company, d/b/a LaGrange Supply Co.,<br><br>       Defendants. | 8:14-CV-284<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on plaintiff JDR Industries' Motion for Preliminary Injunction (filing 8). The present dispute concerns the right to sell welding rod under the name "LaGrange." JDR claims that, through its predecessors-in-interest, it has been continuously using the LaGrange trademark in connection with the sale of welding rod since as early as approximately 1970. Since the 1980s, defendant Edwin K. McDowell, a former employee of one of those predecessors, has also been selling welding rod under the LaGrange name. JDR asserts that it did not previously pursue any action against McDowell for his allegedly infringing activities because his sales were minimal enough that there was no significant threat of customer confusion.

    In December 2013, however, things changed. Around that time, JDR terminated the employment of one of its salespersons, James Vance. Vance, who is not a party to this case, approached McDowell, and the two entered into a licensing agreement whereby McDowell allowed Vance to sell welding rod under the LaGrange name in exchange for royalties. In contrast to McDowell, who had run an essentially passive sales operation—generally relying on customers to call him—Vance ran an active telemarketing operation. JDR alleges that this resulted in significant confusion among its customers. This prompted JDR to file suit against Vance in state court in March 2014. The current status of that lawsuit is not disclosed in the record before the Court.

In September 2014, JDR filed the instant suit against McDowell and his company, defendant LaGrange Supply Co., L.L.C. JDR now seeks an injunction prohibiting defendants from using the LaGrange name in connection with the sale of welding rod. The Court has reviewed the merits of JDR's request for injunctive relief but is not prepared to rule on the motion until the parties have had an opportunity to provide supplemental briefs and evidence on two issues.

First, the Court is not convinced (on the current record) that the requested injunction will actually prevent any irreparable harm to JDR. To obtain a preliminary injunction, JDR must demonstrate, among other things, that it will suffer irreparable harm absent the requested injunctive relief. *See H & R Block Tax Servs. LLC v. Acevedo-Lopez*, 742 F.3d 1074, 1077 (8th Cir. 2014). JDR has conceded that McDowell's prior, passive marketing activities did not result in any (significant) customer confusion. *See* filing 24 at 14. So, assuming, for the sake of argument, that JDR has demonstrated a threat of irreparable harm, any such harm is being caused by Vance's telemarketing operations. But JDR has requested only that *defendants* be enjoined from using the name "LaGrange" in connection with the sale of welding rod. Vance, however, is not a defendant. Nor, on the current record, does it appear that he is an agent or employee of the current defendants. Therefore, the Court does not (presently) understand how any injunction it could issue would prevent Vance's allegedly harmful conduct. And if the claimed irreparable harm will continue despite the Court's injunction, then the injunction would serve no useful purpose.

Second, before possibly issuing an injunction, the Court needs to be convinced that an injunction is still necessary. JDR's suit against Vance has been pending in state court since March 2014. The status of that suit has potential ramifications for JDR's request for injunctive relief in this Court. If JDR has already obtained an injunction against Vance in that case, then the Court questions what further injunctive relief is necessary or appropriate. On the other hand, if JDR has not sought an injunction against Vance, then that fact may inform the Court's view of JDR's claims of irreparable harm. In short, the Court should be informed what has transpired in the state court suit against Vance before it can determine if injunctive relief in this forum is warranted.

The Court therefore requests the parties to submit simultaneous briefs (and any relevant evidence) on the issues identified above. The parties should submit such materials on or before June 9, 2015. If, after filing these materials, the parties believe that a hearing would assist in resolving the pending motion, they should contact the Court to set a date and time for such hearing. The Court anticipates that any such hearing should take, at most,

30 minutes per side. If, after filing their supplemental materials, the parties wish to schedule a hearing, they should contact the Court on or before June 16, 2015. Otherwise, the Court will proceed to disposition on the record as it stands on June 16, 2015.

THEREFORE, IT IS ORDERED:

1. The parties are directed to submit briefs (and any necessary evidentiary materials) on the issues discussed above. Simultaneous briefs and materials shall be submitted by June 9, 2015. Absent further order of the Court, no further briefing will be permitted.

2. After submitting such materials, if the parties believe that a hearing would be helpful in resolving JDR's motion for a preliminary injunction, they shall contact the Court, on or before June 16, 2015, to set a date and time for such hearing.

Dated this 27th day of May, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge